**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYNECIA BULLOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1922** |
| **DEW INVESTMENTS, LLC, ET AL.** | **SECTION: H** |

## ORDER AND REASONS

Before the Court is Plaintiff Tynecia Bullock's Unopposed Motion to Remand (Doc. 4). For the following reasons, this Motion is **GRANTED** and the above-captioned matter is hereby **REMANDED** to state court.

## BACKGROUND

Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans on September 30, 2020.[1] This suit named as defendants the owners of the property that Plaintiff rents: Dew Investments, LLC, Ennis Weber, and Dacia Weber.[2] The basis of the suit is an incident that occurred on October 7, 2019, when the ceiling of Plaintiff's bedroom collapsed and injured

[1] *See* Doc. 1-1.
[2] Plaintiff also named Scottsdale Insurance Company (erroneously named "Nation Mutual Insurance Company") but voluntarily dismissed the insurer later. Doc. 1 ¶ 4.

her. Defendants timely removed the action to this Court on the basis of diversity jurisdiction.[3]

Plaintiff now moves to remand. Plaintiff argues that the amount-in-controversy requirement of diversity jurisdiction is not met. In her motion, Plaintiff makes a binding and irrevocable stipulation that "the total sum or value in controversy in this cause of action, including general damages, special damages, penalties and attorney's fees, does not exceed $75,000, exclusive of interest and costs."[4] Defendants do not oppose the Motion to Remand.[5]

## LAW AND ANALYSIS

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[6] If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[7] Louisiana law, however, requires that a plaintiff include "[n]o specific monetary amount of damages" in a prayer for relief.[8] In that case, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[9]

---

[3] *See* Doc. 1. The parties are diverse because Plaintiff is domiciled in Louisiana, and Dew Investments LLC's members, Ennis and Dacia Weber, are domiciled in Texas.
[4] Doc. 4-2.
[5] *See* Doc. 4-1 at 2 n.2.
[6] *See* 28 U.S.C. § 1332(a)(1).
[7] *Id.* § 1446(c)(2).
[8] LA. CODE CIV. PROC. art. 893.
[9] *See* Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); *see also* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

A defendant attempting removal may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the jurisdictional amount."[10] "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[11] If, however, the state court petition is ambiguous as to whether the alleged damages surpass the amount in controversy, then the district court may consider a post-removal stipulation that clarifies the original petition.[12]

Here, the Court concludes that it is not apparent from the face of Plaintiff's petition that her damages exceed $75,000. Indeed, Plaintiff only alleges that she sustained injuries to her hand, wrist, and right back requiring medical treatment.[13] "Where, as here, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent that the amount of damages would exceed $75,000.'"[14] Further, Defendants have submitted no summary-judgment-type evidence that indicates that the amount in

---

[10] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

[11] Gebbia v. Wal-Mart Stores, Inc. 233 F.3d 880, 883 (5th Cir. 2000).

[12] *See* Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999).

[13] Doc. 1-1 ¶ 6.

[14] Dunomes v. Trinity Marine Prod., Inc., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting Broadway v. Wal-Mart Stores, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

controversy is met. Considering the Petition, the lack of evidence supporting a finding that the amount in controversy is satisfied, and the lack of opposition to Plaintiff's Motion to Remand, the Court concludes that Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000.

## CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion to Remand (Doc. 4) is **GRANTED** and the above-captioned matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 21st day of December, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**